1  WO

2

3

4

5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE DISTRICT OF ARIZONA

7

Donald Hugh Cook, et ux.,        )
8                                 )
                  Plaintiffs,     )
9                                 )
            v.                    )   CIV 03-2201 PCT VAM
10                                )
Mayer Unified School District     )   O R D E R
11  No. 43 Governing Board, et al., )
                                  )
12  _____Defendants.___)

13       This case was removed from the Yavapai County Superior Court

14  on November 10, 2003.  (Doc. 1).  The parties consented to proceed

15  before a Magistrate Judge.  (Docs. 3, 5, 14, 15).  Defendants

16  filed a Motion to Dismiss (Doc. 2) and plaintiffs filed a Motion

17  to Amend (Doc. 7).  The Court denied the Motion to Dismiss and

18  granted the Motion to Amend.  (Doc. 19).  The parties are

19  proceeding on the Second Amended Complaint.  (Doc. 20).  Now

20  pending before the Court is defendants' Motion for Summary

21  Judgment.  (Docs. 55, 56).  The Motion for Summary Judgment was

22  opposed by plaintiffs on September 29, 2005.  (Docs. 61, 62).

23  Defendants' reply was filed on November 4, 2005.  (Doc. 66).  The

24  Motion was argued to the Court on December 6, 2005.

25       A.   SUMMARY JUDGMENT STANDARD

26       Summary judgment is appropriate when the movant shows "there

27  is no genuine issue as to any material fact and that the moving

28  party is entitled to judgment as a matter of law."  Rule 56(c),

F.R.Civ.P.; <u>California Architectural Building Products, Inc. v.</u>
<u>Franciscan Ceramics, Inc.</u>, 818 F.2d 1466, 1468 (9th Cir. 1987),
<u>cert. denied</u>, 484 U.S. 1006 (1988).  "Summary judgment will not
lie if the dispute about a material fact is 'genuine,' that is, if
the evidence is such that a reasonable jury could return a verdict
for the non-moving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477
U.S. 242, 248 (1986).  The moving party bears the burden of
demonstrating that there is no material fact precluding summary
judgment.  <u>Adickes v. S.H. Cress and Company</u>, 398 U.S. 144, 157
(1970).

Substantive law determines which facts are material.
<u>Anderson v. Liberty Lobby</u>, 477 U.S. at 248; <u>Jesinger v. Nevada</u>
<u>Federal Credit Union</u>, 24 F.3d 1127, 1130 (9th Cir. 1994).  "Only
disputes over facts that might affect the outcome of the suit
under the governing law will properly preclude the entry of
summary judgment."  <u>Anderson</u>, 477 U.S. at 248.

Summary judgment is appropriate against a party who "fails to
make a showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear
the burden of proof at trial.  <u>Celotex Corporation v. Catrett</u>, 477
U.S. 317, 322 (1986); <u>see also</u> <u>Citadel Holding Corporation v.</u>
<u>Roven</u>, 26 F.2d 960, 964 (9th Cir. 1994).

Furthermore, the party opposing summary judgment "may not
rest upon the mere allegations or denials of the [party's]
pleadings, but . . . must set forth specific facts showing that
there is a genuine issue for trial."  Rule 56(e), F.R.Civ.P.;
<u>Celotex</u>, 477 U.S. at 324; <u>Matsushita Elec. Indus. Co. v. Zenith</u>

Radio, 475 U.S. 574, 585-88 (1986); Brinson v. Lind Rose Joint
Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).  There is no genuine
issue for trial unless there is sufficient evidence favoring the
non-moving party.  If the evidence is merely colorable or if not
significantly probative, summary judgment may be granted.
Anderson, 477 U.S. at 249-50.  However, "the evidence of the non-
movant is to be believed and all justifiable inferences are to be
drawn in his favor."  Id. at 255.

B.   SECOND AMENDED COMPLAINT

The Second Amended Complaint contains 14 causes of action.
The 14th claim has been withdrawn by plaintiffs.  Many of the
allegations and causes of action in the Second Amended Complaint
are the same or very similar as those in the First Amended
Complaint which were the subject of the Court's Order filed
March 18, 2004.  (Doc. 19).  This lawsuit arises out of an
employment relationship that existed between plaintiff, Donald
Cook, as the principal of the elementary school of the Mayer
Unified School District No. 43 (MUSD), and James Nelson, the
district superintendent of schools, and other named defendants as
board members of the school board.  Basically, plaintiffs allege
that defendants illegally retaliated against him after he filed a
report accusing defendant Nelson of sexually harassing a female
employee of the school system.  Plaintiffs allege that defendant
Nelson retaliated in various ways, which include, engaging in
unfounded criticism of plaintiff's job performance, unwarranted
negative job reviews which resulted in low salary increases and
unfounded reports of misconduct.  Plaintiffs also allege that all

defendants joined in some form of retaliation.  The retaliation culminated in a failure to renew his contract beyond June 30, 2004.

In the Second Amended Complaint, plaintiffs are pursuing 13 specific claims against defendants Nelson, Mayer Unified School District No. 43 Governing Board and board members Don Davenport, Sandy Roberts, Kathryn Want, Lamont Hunsinger, Jesse Bais and Carol Ernst.  Because plaintiff, Donald Cook, alleges he was acting on behalf of the community in his job and because he alleges that James Nelson was acting on behalf of the community in his actions, plaintiff's wife, Barbara Cook, is named as a plaintiff and James Nelson's wife, Candice Nelson, is named as a defendant.  The specific claims are as follows:

1.  Violation of Title VII (retaliation for filing a complaint of sexual harassment on behalf of a co-worker).

2.  42 U.S.C. § 1983 (violation of the Equal Protection Clause of the U.S. Constitution as applied to the retaliation prohibitions of Title VII).

3.  42 U.S.C. § 1983 (due process property interest violation).

4.  42 U.S.C. § 1983 (due process liberty interest violation).

5.  42 U.S.C. § 1983 (violation of First Amendment).

6.  Arizona Civil Rights Act, A.R.S. § 41-1464.

7.  Intentional infliction of emotional distress.

8.  Negligent infliction of emotional distress.

9.  Intentional interference with employment relationship.

4

10.   Breach of contract.

11.   Breach of the implied covenant of good faith and fair dealing.

12.   Wrongful discharge under A.R.S. § 23-1501.

13.   Slander per se.

Plaintiffs seek equitable relief under Title VII, damages for lost wages, emotional distress, pain and suffering, medical expenses, loss of reputation, punitive damages, interest on the judgment and attorneys' fees and costs.  (Doc. 20).

C.   <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

First, defendants argue that all claims arising from "separation of employment fail as a matter of law."

1.   Plaintiff's allegation that the Board terminated his employment in April, 2003 has already been ruled on by the Court. In ruling on the Motion to Dismiss, the Court found that by operation of law the Board could not consider renewal of plaintiff's contract until May, 2003.  Therefore, any claim based exclusively on the allegations set forth in Paragraph 34 are barred as a matter of law.  (Doc. 19 at pp. 11-12).  Since the Board could not consider renewal of the contract until May, 2003, they did not "terminate" him in April, 2003.  A.R.S. § 15-503(B). In addition, defendants are correct that the statute requires specific action to renew a contract and this action occurred April 8, 2004.  (Doc. 62 par. 86; Doc. 56 Ex. D at p. 6).

2.   Plaintiff's cause of action for non-renewal under Title VII and ACRA.

Plaintiffs conceded at the hearing on this Motion for Summary

5

Judgment that plaintiffs may not pursue a claim regarding non-renewal of the contract under Title VII and ACRA because plaintiffs did not file the required administrative claim.

3.  Defendants argue that plaintiff did not have a property right in renewal of his contract.

The Court allowed plaintiffs to amend and allege "mutually explicit understandings" of continued employment.  (Doc. 19 at pp. 12-13).  The Court said that plaintiffs would have to prove (1) "mutually explicit understandings" to continued employment and (2) his employment was not continued for improper reasons.  Id. Defendants now argue that it is clear there were no mutually explicit understandings of continued employment.  Defendants cite to their statement of facts paragraphs 22-24.  Plaintiffs argue there is a genuine issue of material fact as to whether there were "mutually explicit understandings" of continued employment. Plaintiffs cite to their statement of facts at paragraphs 88-90. In plaintiffs' statement of facts paragraphs 88-90, they cite to a former superintendent of schools understanding of how the renewal of contract process worked when he was there.  This does not raise a genuine issue of material fact as to "mutually explicit understandings" between the Board and plaintiff Donald Cook. Plaintiffs also cite to Donald Cook's own affidavit which is conclusory.  It simply says "I knew there was a mutually explicit understanding. . ." of continued employment.  (Doc. 62, Ex. 33 at par. 3).  Plaintiffs also argue that because certain Board members cited reasons for not renewing the contract, this shows there was a "mutually explicit understanding" that the contract would be

renewed absent a failure to perform properly.  However, just because some board members had a reason for voting to not renew does not mean they needed a reason for their actions.

The Court has read through the deposition excerpts of the Board members who were cited in the statement of facts.  The statement of facts shows that some Board members had a reason for not renewing plaintiff's contract.  One Board member said it was just "a business decision" and could not give an explicit reason. All Board members have not been heard from.  The term "mutually explicit understanding" has a very specific meaning.  Mutual means that all parties to the issue are involved in the understanding (i.e. all Board members).  Explicit means "fully revealed or expressed without vagueness, implication or ambiguity; leaving no question as to meaning or intent. . .fully developed or formulated. . .unambiguous in expression. . ." Webster's Ninth New Collegiate Dictionary.  Whether we cite to a dictionary or use our own common understanding, "explicit" means clear and unambiguous.  Understanding means to grasp the meaning of or comprehend.  Id.  When the case law refers to "mutual explicit understanding," it is clear to the Court that there cannot be any ambiguity or lack of consensus on the part of any parties to the understanding.  It is clear to the Court from reading the deposition excerpts that, while plaintiff may have believed that his contract would be automatically renewed absent misconduct or job performance problems, that has not been shown for the Board members.  Plaintiff has not raised a genuine issue of material fact by citing to a former superintendent, plaintiff himself or

7

the depositions of the Board members.

There is no genuine issue of material fact and defendants are entitled to judgment as a matter of law on plaintiff's third claim alleging a property right to contract renewal.

4.   Defendants argue they did not deprive plaintiff of a constitutionally protected liberty interest.

Defendants move for summary judgment stating that any defamatory statement must have been uttered in the actual course of termination of employment.  (Doc. 55 at p. 7).  Plaintiffs cite Siegert v. Gilley, 500 U.S. 226 (1991) and Paul v. Davis, 424 U.S. 693 (1975).  In Paul v. Davis, a photograph of the plaintiff bearing his name was included in a flyer regarding shoplifters. Plaintiff sued under 42 U.S.C. § 1983 claiming this violated a "liberty interest."  The Court found otherwise citing Board of Regents v. Roth, 408 U.S. 564 (1972).  The Supreme Court found that:

> While Roth recognized that governmental action defaming an individual in the course of declining to rehire him could entitle the person to notice and an opportunity to be heard as to the defamation, its language is quite inconsistent with any notion that a defamation perpetrated by a government official but unconnected with any refusal to rehire would be actionable under the Fourteenth Amendment. . .

Paul v. Davis, 424 U.S. at 709.  In Siegert v. Gilley, 500 U.S. at 233-34, the Court found that plaintiff's lawsuit under 42 U.S.C. § 1983 did not support a constitutional tort (i.e. deprivation of a liberty interest) based on derogatory statements made by a former employer because the statements were not "incident to" termination of employment.  Defendants read these two cases to

8

mean that the defamatory statements have to have occurred at the moment that the party was fired or, in this case, the Board declined to renew the contract.  The Court does not read these cases so narrowly.  The Court finds there is a genuine issue of material fact as to whether or not defamatory statements violating plaintiff's "liberty interest" in a good reputation occurred in the course of declining to renew his contract.  <u>Board of Regents v. Roth</u>, 408 U.S. 564 (1972).

Defendants' Motion for Summary Judgment on the fourth claim is denied.

5.  Defendants next argue they are entitled to summary judgment on plaintiffs' contract-based claims arising from his non-renewal.

The Court notes that this argument is directed solely at claims of non-renewal.  In Counts 9, 10 and 11, plaintiff alleges that defendants intentionally interfered with his employment relationship, breached his employment contract and breached an implied covenant of good faith and fair dealing.  (Doc. 20 at pp. 14-15).  All of these claims are based on allegations that defendants acted in retaliation for plaintiff's reporting a claim of sexual harassment.

All allegations contained in the Second Amended Complaint refer to actions of the defendants which occurred during his contract of employment.  Plaintiff contends the failure to renew his contract was an act of retaliation in violation of Title VII.

Defendants cite <u>Nelson v. Pima Community College</u>, 83 F.3d 1075, 1083 (9th Cir. 1996) for the proposition that when plaintiff

is employed through the end of the term of his or her contract, the employer is entitled to summary judgment on contract claims. The Court previously analyzed these claims on the Motion to Dismiss.  The additional arguments by defendants have not changed the Court's mind.  The Court does not read the case of <u>Nelson v. Pima Community College</u> to bar the contract-based claims.  <u>Wells Fargo Bank v. Arizona Laborers</u>, 201 Ariz. 474, 38 P.3d 12 (2002) makes it clear that a covenant of good faith and fair dealing is implied in every contract and that ". . .a party may nevertheless breach its duty of good faith without actually breaching an express covenant of the contract."  201 Ariz. at 491.  The interference with contract claim also survives the Motion for Summary Judgment.  <u>Chanay v. Chittenden</u>, 115 Ariz. 32, 563 P.2d 287 (1977).  For the reasons set forth in the Court's previous Order (Doc. 19), the Motion for Summary Judgment is denied on the breach of contract claim in the Second Amended Complaint.

In summary, defendants' Motion for Summary Judgment on claims 9-11 is denied.

6.  Defendants argue the Employment Protection Act claim (12th claim) fails as a matter of law.

Defendants argue that the Arizona Civil Rights Act is the exclusive remedy for plaintiff's claim set forth in paragraphs 60-61 of the Second Amended Complaint.  Defendants rely on A.R.S. § 23-1501(3)(b); <u>Cronin v. Sheldon</u>, 195 Ariz. 531, 536, 991 P.2d 231, 236 (1999) and <u>Taylor v. Graham County Chamber of Commerce</u>, 201 Ariz. 184, 190, 33 P.3d 518, 524 (Ct. App. 2001).  (Doc. 55 at pp. 9-10).  Plaintiffs counter with the argument that defendants'

argument may bar paragraph 61 of the Second Amended Complaint but not paragraph 60.

The 12th claim for relief (Doc. 20 at p. 15) contains paragraph 60 alleging a wrongful discharge under A.R.S. § 23-1501(3)(b) and paragraph 61 alleging wrongful discharge under A.R.S. § 23-1501(3)(c)(ii).  Defendants' argument is based only on A.R.S. § 23-1501(3)(b) and the cases of <u>Cronin v. Sheldon</u> and <u>Taylor v. Graham County Chamber of Commerce</u> which only address claims under A.R.S. § 23-1501(3)(b).  The arguments set forth by defendants bar a claim based on A.R.S. § 23-1501(3)(b) only. Therefore, defendants' Motion for Summary Judgment is granted as to any claim under A.R.S. § 23-1501(3)(b) but denied as to a claim under A.R.S. § 23-1501(3)(c)(ii).

7.  Defendants argue plaintiffs' retaliation claims arising from non-renewal fail as a matter of law.

Plaintiffs stated in oral argument that claims 1-12 allege retaliation resulting in non-renewal of the contract.  The Court has already granted summary judgment for defendants as to non-renewal claims arising under Title VII and ACRA (claims 1 and 6); claim 3 (property right) and part of the 12th claim.  Defendants' argument that the claims regarding "retaliation" are barred as a matter of law does not specify whether it is directed at plaintiffs' Title VII claims exclusively or whether it is directed at all retaliation claims.  However, in defendants' reply (Doc. 66 at p. 4), defendants argue that the retaliation argument is directed to contract-based claims as well.

All of the cases cited by defendants in support of this

11

argument are based on Title VII, ADEA or ACRA.  The cases are
based on the burden shifting scheme set forth in <u>McDonnell Douglas</u>
<u>Corp. v. Green</u>, 411 U.S. 792 (1973).  More specifically,
defendants' cases set forth the principle that:

> If the plaintiff establishes a prima facie case, the
> burden of production--but not persuasion--then shifts to
> the employer to articulate some legitimate, non-
> discriminatory reason for the challenged action.
> <u>McDonnell Douglas</u>, 411 U.S. at 802, 93 S.Ct. 1817.  If
> the employer does so, the plaintiff must show that the
> articulated reason is pretextual "either directly by
> persuading the court that a discriminatory reason more
> likely motivated the employer or indirectly by showing
> that the employer's proffered explanation is unworthy of
> credence."  <u>Chuang v. University of California Davis</u>,
> 225 F.3d 1115, 1123 (9th Cir. 2000). . .although a
> plaintiff may rely on circumstantial evidence to show
> pretext, such evidence must be both specific and
> substantial. . .

<u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1062 (9th
Cir. 2002).  Defendants correctly argue, plaintiff may not raise a
genuine issue of material fact by simply stating he thought his
performance was fine.  <u>Schuler v. Chronicle Broadcasting Co.</u>, 793
F.2d 1010 (9th Cir. 1986).

Because the Court has already granted summary judgment on
plaintiffs' Title VII and ACRA claims alleging retaliatory non-
renewal, defendants' argument is moot.  All defendants' cases are
in the context of the <u>McDonnell Douglas</u> burden shifting framework.
The Court does not believe this analysis is applicable outside
Title VII, ADEA and ACRA.  However, to the extent that defendants
are arguing that "specific and probative evidence" of pretext is
required in claims other than claims 1 and 6, the Court finds that
plaintiffs have met the burden.

Plaintiffs' opposition argues that Donald Cook thought his

performance was fine.  Defendants are correct that this is
insufficient.  However, defendants have overlooked the
explanations that individual defendants gave for their actions.
Some of the individual defendants' explanations for their actions
are facially suspect. A finder of fact could certainly arrive at
the conclusion that the explanations are pretextual.  For example,
defendant Donald Davenport stated in his deposition that he voted
not to renew plaintiff's contract:

> Because of the condition of the schools and--of the
> elementary school. . .Dr. Cook was not professionally up
> to par at the Board meetings.  He would get up and read
> his--recite his little card reading.  And he didn't want
> to discuss too many different things.  And just, in
> general, things like that. . .Because every time you
> asked Mr. Cook something he would stand up and read his
> card or had to talk to his attorney; couldn't answer
> questions.  There was numerous different things in
> different meetings--in some of the meetings that we had
> and he just couldn't do anything on his own.  I would
> say he couldn't do anything on his own--got to where he
> couldn't do anything on his own without talking to his
> attorney first.  And I didn't think that was
> appropriate.

(Doc. 56 at Ex. H, pp. 122, 123 and 125).

These statements could lead a trier of fact to conclude that
because plaintiff was consulting his attorney in connection with
his claims/lawsuit, Mr. Davenport concluded he should not be
renewed.  This could be an improper retaliatory purpose.

Defendant Lamont Hunsinger could never give a reason for his
decision.  He stated it was "a tough business decision, because I
felt it was the right decision to make, because of the kids" and
then had to admit he does not know Dr. Cook's performance and did
not observe his performance.  Mr. Hunsinger was not capable of
giving a basis for his decision.  While it may be that he did not

have to give a basis for his decision, when questioned he indicated it was a "tough business decision" but could never give an explanation of the basis for the "tough business decision." Based on the limited information available in this Motion for Summary Judgment, the Court must conclude that some of the explanations for the failure to renew appear improper.  As a result, the Court concludes there are genuine issues of material fact that preclude summary judgment.

8.  Defendants Davenport and Nelson (named in the 13th claim-slander per se) argue they are immune from liability for their report under A.R.S. § 13-3620.

Defendants Davenport and Nelson argue that they must report certain conduct to appropriate law enforcement or Child Protective Service authorities.  They cite to A.R.S. § 13-3620.  They argue that had they not made such a report, they could be subject to felony prosecution.  A.R.S. § 13-3620(O).

The 13th claim in the Second Amended Complaint alleges that defendants Davenport and Nelson published certain oral statements accusing Donald Cook of sexual abuse or child molestation.  The complaint alleges the statements made by the defendants were false and defamatory in nature.  The complaint alleges the statements were published about plaintiff Donald Cook and were made out of spite and malice and in the absence of good faith.  The claim then alleges that defendants Davenport, Nelson and MUSD are liable for slander per se.  (Doc. 20 at pp. 15, 16).

A.R.S. § 13-3620 states in pertinent part:

A.   Any person who <u>reasonably believes</u> that a minor is
or has been the victim of physical injury, abuse, child
abuse, a reportable offense or neglect that appears to
have been inflicted on the minor by other than
accidental means. . .shall immediately report or cause
reports to be made of this information to a peace
officer or to Child Protective Services in the
department of economic security, except if the report
concerns a person who does not have care, custody or
control of the minor, the report shall be made <u>to a</u>
<u>peace officer only</u>.

                              . . .

D.   Reports shall be made immediately by telephone or in
person and shall be followed by a written report within
72 hours.  The reports shall contain:

1.   The names and addresses of the minor and the minor's
parents or the person or persons having custody of the
minor, if known.

2.   The minor's age and the nature and extent of the
minor's abuse, child abuse, physical injury or neglect,
including any evidence of previous abuse. . .

3.   Any other information that the person believes might
be helpful in establishing the cause of the abuse, child
abuse, physical injury or neglect.

                              . . .

F.   Any person other than one required to report or
cause reports to be made under subsection A of this
section who <u>reasonably believes</u> that a minor is or has
been a victim of abuse. . .may report the information to
a peace officer or to Child Protective Services in the
department of economic security, except if the report
concerns a person who does not have care, custody or
control of the minor, the report shall be made <u>to a</u>
<u>peace officer only</u>.

                              . . .

J.   A person who furnishes a report, information or
records required or authorized under this section. . .is
immune from civil or criminal liability by reason of
that action <u>unless</u> the person acted with malice or
unless the person has been charged with or is suspected
of abusing or neglecting the child. . . [Emphasis
added].

The exact oral statements which give rise to plaintiffs' 13th claim for relief are described as ". . .oral statements, accusing Cook of the crime of sexual abuse/child molestation. . ."  (Doc. 20 at pp. 14-15).  In their statements of fact, the parties have referred to this as the "bug incident."  Plaintiffs' statement of facts regarding this incident is set forth in Document 62 at paragraphs 51 through 77.  Defendants' statement of facts concerning the "bug incident" is set forth in Document 56 at paragraphs 36 through 47.

The statute does not grant any immunity for reports outside of law enforcement and Child Protective Services.  In fact, the statute states that in this circumstance the report ". . .shall be made to a peace officer only."  A.R.S. § 13-3620A.  Therefore, reports by either defendant Davenport or defendant Nelson other than to law enforcement authorities are not immune under A.R.S. § 13-3620J.

Plaintiffs argue that defendants' repeated phone calls to the child's mother indicate malice, within the meaning of A.R.S. § 13-3620J.  The information set forth in plaintiffs' statement of facts (Doc. 62 at pars. 66, 67, 68, 71, 76) raises a genuine issue of material fact as to whether or not defendants Davenport and Nelson acted with malice.  Therefore, summary judgment must be denied even as to the report to law enforcement.

Defendants also argue that the immunity set forth in A.R.S. § 13-3620J precludes plaintiffs' cause of action for intentional infliction of emotional distress, negligent infliction of emotional distress and any other claim based on the "bug

16

incident."  Because the Court has found there is a genuine issue of material fact regarding malice and that the statute does not apply to all of the reports, the Motion for Summary Judgment based on any claim of immunity under A.R.S. § 13-3620J is denied.

9.  Defendants allege the defamation claim (13th claim-- slander per se) fails as a matter of law because truth is a complete defense.

Defendants argue the only statements that were made were true and the only statements were that Dr. Cook made contact with the youngster's genitals.  However, this is not established in the record.  In fact, plaintiffs' unrebutted statement of facts indicates there were many more statements made to the child's mother.  In short, there are genuine issues of material fact as to what each defendant said regarding the "bug incident" and whether these statements were true.

10.  Next defendants argue that plaintiff's emotional distress claims fail as a matter of law.

Defendants' arguments again are based on the immunity found in the Arizona Revised Statutes.  As set forth above, summary judgment cannot be granted based on that statute.  In addition, defendants argue the only remarks that were made about the "bug incident" were statements made "describing the incident."  (Doc. 55 at p. 16, ln. 5).  Defendants argue that under these circumstances, defendants' report of the matter could not possibly be "extreme and outrageous" conduct sufficient to support a claim for intentional infliction.  Defendants then cite an Iowa case. For the reasons set forth above, there are genuine issues of

material fact which preclude summary judgment on this matter.

As to plaintiffs' claim for negligent infliction of emotional distress, defendants make the same arguments as they did for the intentional infliction claim and further note that Arizona does not recognize a cause of action for negligent employment actions citing <u>Mack v. McDonnell Douglas Helicopter Corp.</u>, 179 Ariz. 627, 629, 880 P.2d 1173, 1175 (Ct.App. 1994).  As this Court has previously stated, the only claims alleged in the Second Amended Complaint which could give rise to a claim of intentional infliction of emotional distress is the "bug incident."  All other allegations are insufficient.  As this Court previously noted with respect to the negligent infliction claim, "nothing in <u>Mack</u> supports the proposition that such a claim cannot be maintained because it arises out of a setting in which petitioner is also alleging Title VII and/or state wrongful terminations claim as well.  <u>Smith v. American Express Travel Related Service Co. Inc.</u>, 876 P.2d 1166 (Ariz.Ct. App.). . ."  (Doc. 19 at p. 21).  The Court has already ruled on these matters and summary judgment is not appropriate.  There are genuine issues of material fact which preclude summary judgment, as set forth above, and it is not clear as a matter of law that defendants are entitled to summary judgment.

**IT IS THEREFORE ORDERED** granting in part and denying in part, as set forth above, defendants' Motion for Summary Judgment. (Doc. 55).

**IT IS FURTHER ORDERED** that a joint final pretrial statement shall be filed no later than February 28, 2006.

18

**IT IS FURTHER ORDERED** that a final pretrial conference is set for March 28, 2006 at 9:30 a.m.

**IT IS FURTHER ORDERED** that any party who would like a settlement conference shall notify the Court.

DATED this 21st day of December, 2005.

*Virginia A. Mathis*
Virginia A. Mathis
United States Magistrate Judge